**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLIE G. HABON, et al.,

    Plaintiffs,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. et al.,

    Defendants.

3:10-cv-191-RCJ-VPC

**ORDER**

Currently before the Court are Freddie Mac's Motion to Dismiss Remanded Claims (#85); Certain Defendants' Motion to Dismiss Remanded Claims (#86); Litton Loan Servicing LP's Motion to Dismiss Remanded Claims in Plaintiff's Complaint (#92); U.S. Bank's Motion to Dismiss Plaintiffs' Complaint (#93); National City Mortgage's Joinder to Motions to Dismiss Filed by Litton Loan Servicing and U.S. Bank (#94); Bank of America's and JP Morgan Chase's Joinder to the Motions to Dismiss (#98); and Cal Western Reconveyance's Joinders to the Motions to Dismiss (#90, 96). The Court heard oral argument on August 24, 2011.

**BACKGROUND**

**I.    Complaint**

In April 2010, Defendants CTX Mortgage Company, LLC, John Matthews, and Timothy Bartosh filed a petition for removal to this Court and attached the complaint. (Pet. for Removal (#1); Compl. (#1-2) at 2). In the complaint, Plaintiffs Charlie Habon, Jonathan Pierce, Jose Portillo, Martha Lopez, David Stinnett, and Tina Stinnett (collectively "Plaintiffs") sued Mortgage Electronic Registration Systems, Inc. ("MERS"); Lime Financial; MLSG, Inc.; E-Loan, Inc.; CTX Mortgage Co., LLC; Western Title Company; Stewart Title Company; Lenders First

Choice; John L. Matthews; Timothy M. Bartosh; Chase; National City Mortgage; EMC Mortgage; Litton Loan Servicing; Bank of America; U.S. Bank N.A.; National Default Servicing Corporation; MTC Financial dba Trustee Corps; Cal-Western Reconveyance Corp.; and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants"). (Compl. (#1-2) at 2). Plaintiffs alleged the following. They were victims of unlawful, predatory lending and an underlying conspiracy to commit fraud that resulted in foreclosures initiated by Defendants on Plaintiffs' homes. (*Id.* at 3). The Defendants did not have the lawful rights to foreclose because they were not holders in due course of the notes and had unsecured debts. (*Id.*). Defendants, as co-conspirators, created MERS with specific intent that MERS would be named the beneficiary or nominee on the deeds of trusts. (*Id.* at 9). However, MERS was not a nominee for the lenders but was the agent for the servicers. (*Id.*). The MERS conspiracy consisted of lenders, trustees, securitizers, and servicers. (*Id.* at 26-27).

Plaintiffs alleged six causes of action, including: (1) wrongful foreclosure, (2) fraud in the inducement; (3) conspiracy to commit wrongful foreclosure; (4) unjust enrichment; (5) slander of title; and (6) reformation, declaratory judgment, and quiet title. (*Id.* at 2, 18-38).

## II. The Properties

### A. Habon

Plaintiff Habon executed a note secured by a deed of trust on a piece of property located at 4335 Del Paso Drive, Reno, Nevada, 89502, which was recorded in Washoe County on October 4, 2005. (Habon Deed of Trust (#1-2) at 43-44). The mortgage, dated September 29, 2005, was for $239,900. (*Id.* at 43). The lender on the deed of trust was Lime Financial Services, Ltd. (*Id.*). The trustee on the deed of trust was Western Title Company, Inc. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On February 1, 2009, Habon defaulted on his mortgage. (*See* Habon Notice of Default (#99-6) at 2). On June 17, 2009, Quality Loan Service Corporation filed a notice of default and election to sell. (*Id.*). According to the complaint, U.S. Bank purchased the property at a trustee's sale for $150,000. (*See* Compl. (#1-2) at 15).

### B. Pierce

Plaintiff Pierce and his then-wife, Laura Pierce, executed a note secured by a deed of trust on a piece of property located at 2935 La Cresta Circle, Minden, Nevada, 89423, which was recorded in Douglas County on August 30, 2005. (Pierce Deed of Trust (#1-2) at 62, 64). The mortgage, dated August 3, 2005, was for $329,000. (*Id.* at 63). The lender on the deed of trust was E-Loan, Inc. (*Id.*). The trustee on the deed of trust was Lenders First Choice. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

In 2008, Plaintiff Pierce and his then-wife executed a second deed of trust secured by the same property for $18,000. (Pierce Second Deed of Trust (#1-2) at 76, 88). The lender and beneficiary on the second deed of trust was Bank of America. (*Id.* at 76). The trustee on the second deed of trust was PRLAP, Inc. (*Id.*).

On March 1, 2008, Plaintiff Pierce and his then-wife defaulted on their first mortgage. (*See* Pierce Notice of Default (#91-5) at 3). On July 15, 2008, MTC Financial, Inc., dba Trustee Corps recorded a notice of default and election to sell. (*Id.*). The notice of default informed Plaintiff Pierce and his then-wife to contact National City Mortgage to find out the amount they had to pay to stop the foreclosure. (*Id.*). According to the complaint, Freddie Mac purchased the property at a trustee's sale for $330,000. (*See* Compl. (#1-2) at 15-16).

### C. Portillo & Lopez

Plaintiffs Portillo and Lopez executed a note secured by a deed of trust on a piece of property located at 7970 Key Largo Drive, Reno, Nevada, 89506, which was recorded in Washoe County on March 9, 2005. (Portillo Deed of Trust (#1-2) at 91, 93). The mortgage, dated March 2, 2005, was for $175,850. (*Id.* at 92). The lender on the deed of trust was CTX Mortgage Company, LLC. (*Id.*). The trustee on the deed of trust was John Matthews or Timothy Bartosh. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On March 2, 2005, Plaintiffs Portillo and Lopez executed a second deed of trust

3

secured by the same property for $32,950. (Portillo Second Deed of Trust at 106-07). The lender on the second deed of trust was CTX Mortgage Company, LLC. (*Id.* at 107). The trustee on the second deed of trust was John Matthews. (*Id.* at 106). MERS was named as a nominee for lender and lender's successors and assigns and claimed to be the beneficiary under the security instrument. (*Id.*).

On August 1, 2009, Plaintiffs Portillo and Lopez defaulted on their first deed of trust. (*See* Portillo Notice of Default (#86-5) at 2). On November 20, 2009, Cal-Western Reconveyance Corporation recorded a notice of default and election to sell with the Washoe County Recorder's office. (*Id.*).

### D. Stinnett

Plaintiffs David and Tina Stinnett executed a note secured by a deed of trust on a piece of property located at 5605 Grasswood Drive, Sparks, Nevada, 89436, which was recorded in Washoe County on August 7, 2006. (Stinnett Deed of Trust (#1-2) at 117, 119). The mortgage, dated August 2, 2006, was for $215,200. (*Id.* at 118). The lender on the deed of trust was MLSG, Inc. (*Id.* at 117). The trustee on the deed of trust was Stewart Title. (*Id.* at 118). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On August 2, 2006, Plaintiffs David and Tina Stinnett executed a second deed of trust secured by the same piece of property for $53,800. (Stinnett Second Deed of Trust (#1-2) at 140-41). The lender on the second deed of trust was MLSG, Inc. (*Id.* at 140). The trustee on the second deed of trust was Stewart Title. (*Id.*). MERS was named as a nominee for lender and lender's successors and assigns and claimed to be the beneficiary under the security instrument. (*Id.*).

### III. Remand Order

On June 3, 2010, the multi-district litigation panel conditionally transferred this case to Judge Teilborg based on the claims relating to the formation/operation of MERS. (Conditional Transfer Order (#60)). On March 21, 2011, Judge Teilborg issued an order on this case stating that his court would "not retain claims that, although naming MERS as a defendant,

4

allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL." (MDL Order (#79) at 3). With respect to this case, he remanded part of claims 4 and 6 back to this Court and retained claims 1, 2, 3, and 5 and part of claims 4 and 6. (*Id.* at 5).

The following motions to dismiss now follow. On July 15, 2011, the parties stipulated to dismiss MERS from the lawsuit with prejudice. (Order on Stip. to Dismiss (#105)).

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all factual allegations in the complaint as well as all reasonable inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the court should only look to the contents of the complaint during its review of a Rule 12(b)(6) motion to dismiss. However, the court may consider documents attached to the complaint or referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual

allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I.  Freddie Mac's Motion to Dismiss Remanded Claims (#85)[1]

Freddie Mac moves to dismiss the remanded claims for unjust enrichment and related demands for relief. (Mot. to Dismiss (#85) at 2). Freddie Mac asserts that it is statutorily barred from originating loans pursuant to 12 U.S.C. § 1454(a)(5). (*Id.* at 3). Freddie Mac contends that it had nothing to do with loan origination or collection practices because the complaint alleges that it purchased Pierce's property at a trustee's sale. (*Id.* at 3, 5).

In response, Plaintiff Pierce filed a non-responsive opposition to the motion to dismiss. (*See generally* Opp'n to Mot. to Dismiss (#91)). Plaintiff Pierce argues that he did not have a contract with Freddie Mac. (*Id.* at 5). Plaintiff Pierce asserts that Freddie Mac was a loan

---

[1] Cal-Western Reconveyance filed a joinder to this motion (#90). The Court denies this joinder because Cal-Western has not demonstrated how Freddie Mac's arguments that Freddie Mac was neither a loan originator or a foreclosing entity applies to Cal-Western because Cal-Western filed the notice of default on Plaintiffs Portillo and Lopez's property.

servicer and a foreclosing entity in the conspiracy. (*Id.* at 6).

In reply, Freddie Mac asserts that the remand order only left this Court with portions of claims 4 and 6 that relate to loan origination and collection practices. (Reply to Mot. to Dismiss (#95) at 3). The portion of those claims that relate to the operation of MERS remain with Judge Teliborg. (*Id.*). Freddie Mac argues that the remanded claims do not apply to it because it is statutorily barred from originating loans and did not service Pierce's loan. (*Id.*).

In this case, Freddie Mac is correct that Judge Teilborg's order only remanded the unjust enrichment claim and requested relief as they related to loan origination and collection practices. Judge Teilborg retained the claims as they related to the MERS conspiracy allegations. As such, Freddie Mac is correct that it did not originate Pierce's loan or initiate foreclosure proceedings. *See* 12 U.S.C. § 1454(a)(5) (prohibiting Freddie Mac from originating mortgage loans). Freddie Mac's only alleged role was purchasing the property at a trustee's sale for $330,000. (*See* Compl. (#1-2) at 15-16). Accordingly, the Court grants Freddie Mac's motion to dismiss (#85) claims 4 and 6 as they relate to loan origination and collection practices.

## II.   Certain Defendants' Motion to Dismiss Remanded Claims (#86)[2]

Defendants CTX Mortgage Company, LLC, John Matthews, and Timothy Bartosh (collectively "CTX Defendants") filed a motion to dismiss the remanded claims. (CTX Mot. to Dismiss (#86) at 1-2). CTX Defendants argue that Plaintiffs Portillo and Lopez cannot state a claim for unjust enrichment because there are no allegations that Defendants unjustly

---

[2] Cal-Western Reconveyance, Bank of America, and JP Morgan Chase filed joinders to this motion (#90, 98). JP Morgan Chase is the successor-in-interest to EMC Mortgage LLC. (Chase Joinder (#98) at 2). The complaint alleges that JP Morgan Chase Bank was the loan servicer for Plaintiffs Portillo and Lopez. (Compl. (#1-2) at 6). The complaint alleges that EMC Mortgage was the loan servicer for the Stinnett Loan. (*Id.*). Bank of America was the lender and beneficiary on Pierce's second deed of trust. (*See* Pierce Second Deed of Trust (#1-2) at 76). The Court grants Bank of America and JP Morgan Chase's joinder to CTX Defendants' motion to dismiss (#98) based on the same reasoning granting CTX Defendants' motion to dismiss. The Court denies Cal-Western's joinder to CTX Defendants' motion to dismiss because Cal-Western was not an original party to any of the deeds of trusts and was not a loan servicer. Cal-Western has not provided this Court with any documents demonstrating that it was a properly substituted entity that could be a substituted party to the deed of trust to defeat the unjust enrichment claim.

7

retained any money or property. (*Id.* at 2, 5). Additionally, CTX Defendants argue that there is an applicable contract, including the deed of trust and note, and, therefore, there can be no claim for unjust enrichment. (*Id.* at 5). CTX Defendants also assert that the Court should deny declaratory relief, reformation, and quite title because CTX Defendants assigned their rights to the notes and deeds of trusts and are no longer a party to the contracts. (*Id.*). Additionally, CTX Defendants argue that because the unjust enrichment claim fails as a matter of law there is nothing for the Court to declare. (*Id.* at 6).

In response, Plaintiff Pierce filed a non-responsive opposition to the motion to dismiss. (*See generally* Opp'n to Mot. to Dismiss (#91)).

In Nevada, the elements of an unjust enrichment claim or "quasi contract" are: (1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant (4) in circumstances where it would be inequitable to retain the benefit without payment. *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev.1997). "An action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *Id.*

In this case, Plaintiffs Portillo and Lopez and CTX Defendants entered into an express, written contract, which included the deed of trust and the note. Because there is an express contract, Plaintiffs Portillo and Lopez fail to state a claim for unjust enrichment against CTX Defendants. Accordingly, the Court grants CTX Defendants' motion to dismiss claim 4 for unjust enrichment.

The Court also grants CTX Defendants' motion to dismiss claim 6 because declaratory relief is not a separate cause of action or an independent ground for relief. *See In re Wal-Mart Wage & Hour Employ. Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007) (dismissing the count for injunctive relief because it was not an independent ground for relief or a separate cause of action). Additionally, the Court grants CTX Defendants' motion to dismiss the reformation claim because Plaintiffs do not allege that the express contract fails to represent the parties due to any mutual failure to express that intent in the writing. *See Fitzgerald v.*

*Quality Loan Service Corp.*, 2011 WL 220720 at *2 (D. Nev. 2011). Moreover, the Court grants CTX Defendants' motion to dismiss the quiet title claim because Plaintiffs have not discharged the debt owed on the mortgage. *See Fuleihan v. Wells Fargo*, 2010 WL 3724186 at *5 (D. Nev. 2010) (finding that a borrower cannot quiet title to a property without discharging any debt owed). Accordingly, the Court grants CTX Defendants' motion to dismiss the remanded claims in their entirety (#86).

### III. Litton Loan Servicing LP's Motion to Dismiss Remanded Claims in Plaintiff's Complaint (#92)[3]

Litton Loan Servicing LP's ("Litton") motion to dismiss makes arguments similar to the above-referenced motions. (*See generally* Litton Mot. to Dismiss (#92)). In response, Plaintiffs Habon and Pierce filed a non-responsive opposition. (*See* Opp'n to Mot. to Dismiss (#99)). Litton filed a reply. (Reply to Mot. to Dismiss (#100)).

In this case, the complaint alleges that Litton was Habon's loan servicer. (Compl. (#1-2) at 6). The Court dismisses the unjust enrichment claim against Litton because there was an express, written loan agreement that guided the parties' obligations. Additionally, the Court dismisses the claims for declaratory relief, reformation, and quiet title based on the same analysis discussed under CTX Defendants' motion to dismiss. Accordingly, the Court grants Litton's motion to dismiss the remanded claims in their entirety (#92).

### IV. U.S. Bank's Motion to Dismiss Plaintiffs' Complaint (#93)[4]

U.S. Bank's motion to dismiss makes arguments similar to the above-referenced motions. (*See generally* U.S. Bank Mot. to Dismiss (#93)). In response, Plaintiffs Habon and

---

[3] Bank of America and JP Morgan Chase filed a joinder to this motion (#98). PNC Mortgage, formerly known as National City Mortgage, filed a joinder to this motion (#94). The complaint alleges that National City was the loan servicer on Pierce's mortgage. (Compl. (#1-2) at 15). The complaint also alleges that National City foreclosed on Pierce's home while he was trying to obtain a loan modification from National City. (*Id.*). The Court grants PNC Mortgage's joinder to Litton Loan Servicing's motion to dismiss (#92). The Court dismisses the remanded claims against National City Mortgage based on the same analysis discussed under Litton Loan's motion to dismiss. Furthermore, the Court finds that MTC Financial, dba Trustee Corps., foreclosed on Pierce's property and not National City Mortgage. (*See* Pierce Notice of Default (#91-5) at 3).

[4] Cal Western Reconveyance filed a joinder to this motion (#96). PNC Mortgage filed a joinder to this motion (#94).

9

Pierce filed a non-responsive opposition to the motion to dismiss. (See Opp'n to Mot. to Dismiss (#99)). U.S. Bank filed a reply. (Reply to Mot. to Dismiss (#100)).

In this case, the complaint alleges that U.S. Bank purchased Habon's property at a trustee's sale for $150,000. (*See* Compl. (#1-2) at 15). Because the complaint fails to allege that U.S. Bank was involved in loan origination or collection the Court grants U.S. Bank's motion to dismiss (#93) the remanded claims in their entirety.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Freddie Mac's Motion to Dismiss Remanded Claims (#85) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that Certain Defendants' Motion to Dismiss Remanded Claims (#86) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that Litton Loan Servicing LP's Motion to Dismiss Remanded Claims in Plaintiff's Complaint (#92) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that U.S. Bank's Motion to Dismiss Plaintiffs' Complaint (#93) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that National City Mortgage's Joinder to Motions to Dismiss Filed by Litton Loan Servicing and U.S. Bank (#94) is GRANTED.

IT IS FURTHER ORDERED that Bank of America's and JP Morgan Chase's Joinder to the Motions to Dismiss (#98) is GRANTED.

IT IS FURTHER ORDERED that Cal Western Reconveyance's Joinders to the Motions to Dismiss (#90, 96) is DENIED.

DATED: This 8th day of September, 2011.

_____
United States District Judge