**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHARLIE G. HABON, et al., | ) |
| Plaintiffs, | ) |
| v. | )  3:10-cv-191-RCJ-VPC |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al., | )  **ORDER** |
| Defendants. | ) |

Currently before the Court is a Motion for Reconsideration (#109) and a Motion to Dismiss Remanded Claims (#116).

**BACKGROUND**

**I.    Complaint**

In April 2010, Defendants CTX Mortgage Company, LLC, John Matthews, and Timothy Bartosh filed a petition for removal to this Court and attached the complaint. (Pet. for Removal (#1); Compl. (#1-3) at 2). In the complaint, Plaintiffs Charlie Habon, Jonathan Pierce, Jose Portillo, Martha Lopez, David Stinnett, and Tina Stinnett (collectively "Plaintiffs") sued Mortgage Electronic Registration Systems, Inc. ("MERS"); Lime Financial; MLSG, Inc.; E-Loan, Inc.; CTX Mortgage Co., LLC; Western Title Company; Stewart Title Company; Lenders First Choice; John L. Matthews; Timothy M. Bartosh; Chase; National City Mortgage; EMC Mortgage; Litton Loan Servicing; Bank of America; U.S. Bank N.A.; National Default Servicing Corporation; MTC Financial dba Trustee Corps; Cal-Western Reconveyance Corp.; and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants"). (Compl. (#1-3) at 2). Plaintiffs alleged the following. They were victims of unlawful, predatory

lending and an underlying conspiracy to commit fraud that resulted in foreclosures initiated by Defendants on Plaintiffs' homes. (*Id.* at 3). Defendants did not have the lawful rights to foreclose because they were not holders in due course of the notes and had unsecured debts. (*Id.*). Defendants, as co-conspirators, created MERS with specific intent that MERS would be named the beneficiary or nominee on the deeds of trusts. (*Id.* at 9). However, MERS was not a nominee for the lenders but was the agent for the servicers. (*Id.*). The MERS conspiracy consisted of lenders, trustees, securitizers, and servicers. (*Id.* at 26-27).

Plaintiffs alleged six causes of action, including: (1) wrongful foreclosure, (2) fraud in the inducement; (3) conspiracy to commit wrongful foreclosure; (4) unjust enrichment; (5) slander of title; and (6) reformation, declaratory judgment, and quiet title. (*Id.* at 2, 18-38).

## II.  Pierce Property

Plaintiff Pierce and his then-wife, Laura Pierce, executed a note secured by a deed of trust on a piece of property located at 2935 La Cresta Circle, Minden, Nevada, 89423, which was recorded in Douglas County on August 30, 2005. (Pierce Deed of Trust (#1-3) at 62, 64). The mortgage, dated August 3, 2005, was for $329,000. (*Id.* at 63). The lender on the deed of trust was E-Loan, Inc. (*Id.*). The trustee on the deed of trust was Lenders First Choice. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

In 2008, Plaintiff Pierce and his then-wife executed a second deed of trust secured by the same property for $18,000. (Pierce Second Deed of Trust (#1-3) at 76, 88). The lender and beneficiary on the second deed of trust was Bank of America. (*Id.* at 76). The trustee on the second deed of trust was PRLAP, Inc. (*Id.*).

On March 1, 2008, Plaintiff Pierce and his then-wife defaulted on their first mortgage. (*See* Pierce Notice of Default (#91-6) at 3). On July 15, 2008, MTC Financial, Inc., dba Trustee Corps recorded a notice of default and election to sell. (*Id.* at 2). Freddie Mac purchased the property at a trustee's sale for $330,692.28. (Trustee's Deed Upon Sale (#109-2) at 1). Freddie Mac was the foreclosing beneficiary. (*Id.*).

**III.  Remand Order**

On June 3, 2010, the multi-district litigation panel conditionally transferred this case to Judge Teilborg based on the claims relating to the formation/operation of MERS. (Conditional Transfer Order (#60)).  On March 21, 2011, Judge Teilborg issued an order on this case stating that his court would "not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL." (MDL Order (#79) at 3).  With respect to this case, he remanded part of claims 4 and 6 back to this Court and retained claims 1, 2, 3, and 5 and part of claims 4 and 6.  (*Id.* at 5).

On July 15, 2011, the parties stipulated to dismiss MERS from the lawsuit with prejudice.  (Order on Stip. to Dismiss (#105)).

On September 8, 2011, this Court dismissed Freddie Mac, CTX Mortgage Company, LLC, John Matthews, Timothy Bartosh, Bank of America, JP Morgan Chase (as successor-in-interest to EMC Mortgage LLC), Litton Loan Servicing LP, PNC Mortgage (formerly known as National City Mortgage), and U.S. Bank from the case.  (*See* Order (#107) at 6-10).

In that order, this Court dismissed Freddie Mac for the following reasons:

> Freddie Mac is correct that Judge Teilborg's order only remanded the unjust enrichment claim and requested relief as they related to loan origination and collection practices.  Judge Teilborg retained the claims as they related to the MERS conspiracy allegations.  As such, Freddie Mac is correct that it did not originate Pierce's loan or initiate foreclosure proceedings.  *See* 12 U.S.C. § 1454(a)(5) (prohibiting Freddie Mac from originating mortgage loans).  Freddie Mac's only alleged role was purchasing the property at a trustee's sale for $330,000.  (*See* Compl. (#1-2) at 15-16).  Accordingly, the Court grants Freddie Mac's motion to dismiss (#85) claims 4 and 6 as they relate to loan origination and collection practices.

(*Id.* at 7).

**LEGAL STANDARD**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with

3

newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

**DISCUSSION**

**I.   Plaintiffs' Motion for Reconsideration of September Order Granting Motion to Dismiss (#109)**

Plaintiffs file a motion for reconsideration on this Court's order granting Freddie Mac's motion to dismiss. (Mot. for Reconsideration (#109) at 1-2). Plaintiffs argue that because Freddie Mac was a foreclosing beneficiary at the trustee's sale it was involved in collection practices and was a foreclosing entity at the foreclosure sale. (*Id.* at 4, 6).

In response, Freddie Mac argues that Plaintiffs have not raised any new factual or legal arguments that would warrant reconsideration. (Opp'n to Mot. for Reconsideration (#110) at 3). Freddie Mac also asserts that Plaintiffs have not provided any new information to this Court indicating that Freddie Mac engaged in collection practices on his loan. (*Id.* at 4). Freddie Mac contends that Plaintiffs fail to state a claim for unjust enrichment because an express, written contract existed. (*Id.* at 5).

In this case, Plaintiffs have not presented any newly discovered evidence that Freddie Mac initiated foreclosure proceedings or engaged in collection practices even though it was a foreclosing beneficiary. Moreover, Plaintiffs have failed to state a claim for unjust enrichment against Freddie Mac because Plaintiffs fail to allege how Freddie Mac has been unjustly enriched by paying $330,692.28 for the property. Accordingly, the Court denies the motion for reconsideration (#109).

**II.   MTC Financial's Motion to Dismiss Remanded Claims (#116)**

MTC Financial, dba Trustee Corps filed a motion to dismiss the remanded claims for failure to state a claim. (Mot. to Dismiss (#116) at 1). In response, Plaintiffs file a non-opposition to MTC Financial's motion to dismiss. (Non-Opp'n (#119)).

4

As such, the Court grants MTC Financial's motion to dismiss (#116) in its entirety without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion for Reconsideration (#109) is DENIED.

IT IS FURTHER ORDERED that MTC Financial's Motion to Dismiss the Remanded Claims (#116) is GRANTED in its entirety without leave to amend.

DATED: This 15th day of February, 2012

_____
United States District Judge