**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLIE G. HABON, et al.,

    Plaintiffs,

    v.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,

    Defendants.

3:10-cv-191-RCJ-VPC

**ORDER**

Currently before the Court is Cal Western Reconveyance Corporation's Motion for Summary Judgment (#121).

**BACKGROUND**

**I.   Complaint**

In April 2010, Defendants CTX Mortgage Company, LLC, John Matthews, and Timothy Bartosh filed a petition for removal to this Court and attached the complaint. (Pet. for Removal (#1); Compl. (#1-3) at 2). In the complaint, Plaintiffs Charlie Habon, Jonathan Pierce, Jose Portillo, Martha Lopez, David Stinnett, and Tina Stinnett (collectively "Plaintiffs") sued Mortgage Electronic Registration Systems, Inc. ("MERS"); Lime Financial; MLSG, Inc.; E-Loan, Inc.; CTX Mortgage Co., LLC; Western Title Company; Stewart Title Company; Lenders First Choice; John L. Matthews; Timothy M. Bartosh; Chase; National City Mortgage; EMC Mortgage; Litton Loan Servicing; Bank of America; U.S. Bank N.A.; National Default Servicing Corporation; MTC Financial dba Trustee Corps; Cal-Western Reconveyance Corp.; and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants"). (Compl. (#1-3) at 2). Plaintiffs alleged the following.  They were victims of unlawful, predatory

lending and an underlying conspiracy to commit fraud that resulted in foreclosures initiated by Defendants on Plaintiffs' homes. (*Id.* at 3). Defendants did not have the lawful rights to foreclose because they were not holders in due course of the notes and had unsecured debts. (*Id.*). Defendants, as co-conspirators, created MERS with specific intent that MERS would be named the beneficiary or nominee on the deeds of trusts. (*Id.* at 9). However, MERS was not a nominee for the lenders but was the agent for the servicers. (*Id.*). The MERS conspiracy consisted of lenders, trustees, securitizers, and servicers. (*Id.* at 26-27).

Plaintiffs alleged six causes of action, including: (1) wrongful foreclosure, (2) fraud in the inducement; (3) conspiracy to commit wrongful foreclosure; (4) unjust enrichment; (5) slander of title; and (6) reformation, declaratory judgment, and quiet title. (*Id.* at 2, 18-38).

## II. Portillo & Lopez Property

Plaintiffs Portillo and Lopez executed a note secured by a deed of trust on a piece of property located at 7970 Key Largo Drive, Reno, Nevada, 89506, which was recorded in Washoe County on March 9, 2005. (Portillo Deed of Trust (#1-3) at 91, 93). The mortgage, dated March 2, 2005, was for $175,850. (*Id.* at 92). The lender on the deed of trust was CTX Mortgage Company, LLC. (*Id.*). The trustee on the deed of trust was John Matthews or Timothy Bartosh. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

On March 2, 2005, Plaintiffs Portillo and Lopez executed a second deed of trust secured by the same property for $32,950. (Portillo Second Deed of Trust (#1-3) at 106-07). The lender on the second deed of trust was CTX Mortgage Company, LLC. (*Id.* at 107). The trustee on the second deed of trust was John Matthews. (*Id.* at 106). MERS was named as a nominee for lender and lender's successors and assigns and claimed to be the beneficiary under the security instrument. (*Id.*).

On August 1, 2009, Plaintiffs Portillo and Lopez defaulted on their first deed of trust. (*See* Portillo Notice of Default (#86-6) at 2). On November 17, 2009, MERS executed an assignment of deed of trust and transferred all beneficial interest in the first deed of trust to Chase Home Finance LLC. (Assignment of Deed of Trust (#121-3) at 2). On that same day,

1  Chase Home Finance LLC, through its attorney-in-fact Cal Western, executed a substitution
2  of trustee and replaced Cal-Western as the trustee for John L. Matthews and Timothy M.
3  Bartosh.  (Substitution of Trustee (#121-4) at 2).  On November 20, 2009, Cal-Western
4  Reconveyance Corporation recorded a notice of default and election to sell with the Washoe
5  County Recorder's office.  (Portillo Notice of Default (#86-6) at 2).

6  **III.   Remand Order**

7  On June 3, 2010, the multi-district litigation panel conditionally transferred this case to
8  Judge Teilborg based on the claims relating to the formation/operation of MERS. (Conditional
9  Transfer Order (#60)).  On March 21, 2011, Judge Teilborg issued an order on this case
10 stating that his court would "not retain claims that, although naming MERS as a defendant,
11 allege conduct primarily related to loan origination and collection practices, or otherwise stray
12 from the common factual core of the MDL." (MDL Order (#79) at 3).  With respect to this case,
13 he remanded part of claims 4 and 6 back to this Court and retained claims 1, 2, 3, and 5 and
14 part of claims 4 and 6.  (*Id.* at 5).

15 **IV.   Past Orders**

16 In September 2011, this Court issued an order granting several motions to dismiss the
17 remanded claims.  (*See* Order (#107) at 10).  The Court had denied Cal-Western
18 Reconveyance's joinders to those motions to dismiss because Cal-Western had not been
19 similarly situated to those other defendants and had failed to explain why the Court should
20 dismiss the remanded claims against itself.  (*See id.* at 6-7, 10).  Cal-Western now files a
21 motion for summary judgment on the remanded claims and attaches an assignment of the
22 deed of trust and a substitution of trustee.

23                              **LEGAL STANDARD**

24 In reviewing a motion for summary judgment, the court construes the evidence in the
25 light most favorable to the nonmoving party.  *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir.
26 1996). Pursuant to Fed.R.Civ.P. 56, a court will grant summary judgment "if the movant shows
27 that there is no genuine dispute as to any material fact and the movant is entitled to judgment
28 as a matter of law." Fed.R.Civ.P. 56(a).  Material facts are "facts that might affect the outcome

of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the initial burden of identifying the portions of the pleadings and evidence that the party believes to demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Once the moving party has properly supported the motion, the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The nonmoving party cannot defeat a motion for summary judgment "by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356.

## DISCUSSION

In its motion for summary judgment, Cal-Western asserts that it was never named as a defendant to the unjust enrichment claim and therefore that claim does not apply to it. (Mot. for Summ. J. (#121) at 2). Cal-Western also argues that the sixth claim for reformation, declaratory judgment, and quiet title fail because the foreclosure was valid. (*Id.* at 8).

Plaintiffs did not file a response. (*See generally* Docket Sheet). Cal-Western filed a notice of non-opposition stating that the response was due on February 18, 2012. (Non-Opp'n (#127) at 1-2).

In this case, the Court grants Cal-Western's motion for summary judgment (#121). First, Cal-Western is correct that Plaintiffs did not name Cal-Western as a defendant in the unjust enrichment claim. The complaint only names Litton Loan, EMC, National City, Chase, U.S. Bank, Bank of America, and Freddie Mac as defendants for the unjust enrichment claim. (*See* Compl. (#1-3) at 35). As such, this claim does not apply to Cal-Western.

The Court also grants summary judgment on the sixth cause of action. "Claims for injunctive or declaratory relief are remedies that may be afforded to a party after he has sufficiently established and proven his claims; they are not a separate causes of action." *Contreras v. Master Fin., Inc.*, 2011 WL 32513, *4 (D. Nev. Jan. 4, 2011). In this case, there are no substantive claims remaining against Cal-Western and, thus, there can be no claim for declaratory relief. Additionally, reformation does not apply to Cal-Western because it never entered into a contract with Plaintiffs. Moreover, Plaintiff's claim for quiet title also fails because Cal-Western has provided sufficient evidence to demonstrate that the foreclosure was valid.

Accordingly, the Court grants summary judgment (#121) on the remanded claims with prejudice.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Cal Western Reconveyance Corporation's Motion for Summary Judgment is GRANTED in its entirety with prejudice.

IT IS FURTHER ORDERED that Oral Argument set for Tuesday, May 29, 2012, 2:00PM in Reno Courtroom 6, is VACATED.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 17th day of May, 2012.

_____
United States District Judge