**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHARLIE G. HABON, et al.,

    Plaintiffs,

    v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. et al.,

    Defendants.

3:10-cv-191-RCJ-VPC

**ORDER**

    Currently before the Court is Defendant PNC Mortgage's, a division of PNC Bank, National Association, F/K/A National City Mortgage, Motion to Expunge Lis Pendens (#137).

**BACKGROUND**

**I.    Complaint**

    In April 2010, Defendants CTX Mortgage Company, LLC, John Matthews, and Timothy Bartosh filed a petition for removal to this Court and attached the complaint. (Pet. for Removal (#1); Compl. (#1-3) at 2). In the complaint, Plaintiffs Charlie Habon, Jonathan Pierce, Jose Portillo, Martha Lopez, David Stinnett, and Tina Stinnett (collectively "Plaintiffs") sued Mortgage Electronic Registration Systems, Inc. ("MERS"); Lime Financial; MLSG, Inc.; E-Loan, Inc.; CTX Mortgage Co., LLC; Western Title Company; Stewart Title Company; Lenders First Choice; John L. Matthews; Timothy M. Bartosh; Chase; National City Mortgage; EMC Mortgage; Litton Loan Servicing; Bank of America; U.S. Bank N.A.; National Default Servicing Corporation; MTC Financial dba Trustee Corps; Cal-Western Reconveyance Corp.; and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively "Defendants"). (Compl. (#1-3) at 2). Plaintiffs alleged the following. They were victims of unlawful, predatory

lending and an underlying conspiracy to commit fraud that resulted in foreclosures initiated by Defendants on Plaintiffs' homes. (*Id.* at 3). Defendants did not have the lawful rights to foreclose because they were not holders in due course of the notes and had unsecured debts. (*Id.*). Defendants, as co-conspirators, created MERS with specific intent that MERS would be named the beneficiary or nominee on the deeds of trusts. (*Id.* at 9). However, MERS was not a nominee for the lenders but was the agent for the servicers. (*Id.*). The MERS conspiracy consisted of lenders, trustees, securitizers, and servicers. (*Id.* at 26-27).

Plaintiffs alleged six causes of action, including: (1) wrongful foreclosure, (2) fraud in the inducement; (3) conspiracy to commit wrongful foreclosure; (4) unjust enrichment; (5) slander of title; and (6) reformation, declaratory judgment, and quiet title. (*Id.* at 2, 18-38).

## II.  Pierce Property

Plaintiff Pierce and his then-wife, Laura Pierce, executed a note secured by a deed of trust on a piece of property located at 2935 La Cresta Circle, Minden, Nevada, 89423, which was recorded in Douglas County on August 30, 2005. (Pierce Deed of Trust (#1-3) at 62, 64). The mortgage, dated August 3, 2005, was for $329,000. (*Id.* at 63). The lender on the deed of trust was E-Loan, Inc. (*Id.*). The trustee on the deed of trust was Lenders First Choice. (*Id.*). MERS was named as "a nominee for Lender and Lender's successors and assigns" and claimed to be the beneficiary under the security instrument. (*Id.*).

In 2008, Plaintiff Pierce and his then-wife executed a second deed of trust secured by the same property for $18,000. (Pierce Second Deed of Trust (#1-3) at 76, 88). The lender and beneficiary on the second deed of trust was Bank of America. (*Id.* at 76). The trustee on the second deed of trust was PRLAP, Inc. (*Id.*).

On March 1, 2008, Plaintiff Pierce and his then-wife defaulted on their first mortgage. (*See* Pierce Notice of Default (#91-6) at 3). On July 15, 2008, MTC Financial, Inc., dba Trustee Corps recorded a notice of default and election to sell. (*Id.* at 2). The notice of default informed Plaintiff Pierce and his then-wife to contact National City Mortgage to find out the amount they had to pay to stop the foreclosure. (*Id.* at 3). Freddie Mac purchased the property at a trustee's sale for $330,692.28. (Trustee's Deed Upon Sale (#109-2) at 1).

Freddie Mac was the foreclosing beneficiary. (*Id.*).

## III.     Remand Order

On June 3, 2010, the multi-district litigation panel conditionally transferred this case to Judge Teilborg based on the claims relating to the formation/operation of MERS. (Conditional Transfer Order (#60)). On March 21, 2011, Judge Teilborg issued an order on this case stating that his court would "not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL." (MDL Order (#79) at 3). With respect to this case, he remanded part of claims 4 and 6 back to this Court and retained claims 1, 2, 3, and 5 and part of claims 4 and 6. (*Id.* at 5).

On July 15, 2011, the parties stipulated to dismiss MERS from the lawsuit with prejudice. (Order on Stip. to Dismiss (#105)).

On September 8, 2011, this Court dismissed Freddie Mac, CTX Mortgage Company, LLC, John Matthews, Timothy Bartosh, Bank of America, JP Morgan Chase (as successor-in-interest to EMC Mortgage LLC), Litton Loan Servicing LP, PNC Mortgage (formerly known as National City Mortgage), and U.S. Bank from the case. (*See* Order (#107) at 6-10).

In that order, this Court dismissed Freddie Mac for the following reasons:

> Freddie Mac is correct that Judge Teilborg's order only remanded the unjust enrichment claim and requested relief as they related to loan origination and collection practices. Judge Teilborg retained the claims as they related to the MERS conspiracy allegations. As such, Freddie Mac is correct that it did not originate Pierce's loan or initiate foreclosure proceedings. *See* 12 U.S.C. § 1454(a)(5) (prohibiting Freddie Mac from originating mortgage loans). Freddie Mac's only alleged role was purchasing the property at a trustee's sale for $330,000. (*See* Compl. (#1-2) at 15-16). Accordingly, the Court grants Freddie Mac's motion to dismiss (#85) claims 4 and 6 as they relate to loan origination and collection practices.

(*Id.* at 7).

Plaintiffs filed a motion for reconsideration of the order granting Freddie Mac's motion to dismiss. (Mot. for Reconsideration (#109) at 1-2). On February 15, 2012, this Court denied the motion for reconsideration because Plaintiffs did not present any newly discovered evidence that Freddie Mac had initiated foreclosure proceedings or had engaged in collection

practices even though it was a foreclosing beneficiary. (Order (#126) at 4-5).

On June 15, 2012, Plaintiffs filed a notice of appeal on the orders entered on September 8, 2011, and February 15, 2012. (Notice of Appeal (#132) at 2). On July 19, 2012, PNC Mortgage filed its Motion to Expunge Lis Pendens. (Mot. to Expunge (#137)).

## DISCUSSION

PNC Mortgage moves to expunge the notice of lis pendens filed by Plaintiff Pierce in this matter on property located at 2935 La Cresta Circle. (Mot. to Expunge (#137) at 2). PNC Mortgage argues that because the case has been dismissed there is no basis for the lis pendens to remain on the property. (*Id.* at 3). PNC Mortgage asserts that because the Court dismissed the action against PNC Mortgage, Plaintiff Pierce cannot satisfy the requirements set forth in NRS § 14.015. (*Id.* at 4).

In response, Plaintiff Pierce responds in one sentence that "Plaintiffs appealed this matter to the 9th Circuit Court of Appeals on June 15, 2012." (Resp. to Mot. to Expunge (#138) at 1).

In reply, PNC Mortgage asserts that the appeal does not involve itself, Plaintiff Pierce failed to address any of its points in his response, and Plaintiff Pierce's one paragraph opposition constitutes consent to the motion. (Reply to Mot. to Expunge (#139) at 2-4).

"In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S. Ct. 1327, 1331, 84 L. Ed. 2d 274 (1985).

In this case, the Court denies PNC Mortgage's Motion to Expunge Lis Pendens (#137) for lack of jurisdiction. Although Plaintiff Pierce is not appealing this Court's dismissal of PNC Mortgage's role in the foreclosure process on the La Cresta property, Plaintiff Pierce is appealing the Court's dismissal of Freddie Mac's role on the property. As such, if the Court were to expunge the lis pendens on the La Cresta property it would be adjudicating matters that are currently before the court of appeals. Accordingly, the Court denies the motion to expunge lis pendens on the La Cresta property at this time.

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that PNC Mortgage's Motion to Expunge Lis Pendens (#137) is DENIED for lack of jurisdiction.

DATED: This 26th day of November, 2012.

_____
United States District Judge

5